EL PUEBLO DE PUERTO RICO, demandante y apelado. *v.* LUIS F. VELÁZQUEZ, acusado y apelante.

Núm. 6621.—*Sometido:* Julio 20, 1937. *Resuelto:* Julio 23, 1937.

*Julio Pinto Gandía y Carlos Santana Becerra,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Luis F. Velázquez fué acusado y convicto por la Corte Municipal de Manatí de un delito de portar armas prohibidas. En 26 de mayo de 1936 quedó radicada su apelación ante la Corte de Distrito de Arecibo, celebrándose la vista el 17 de noviembre de 1936. Declarado culpable y condenado a la pena de dos meses de cárcel, el acusado interpuso el presente recurso.

Se imputa a la corte sentenciadora haber cometido error al resolver que la moción para el archivo y sobreseimiento de la causa había sido interpuesta tardíamente; y al declarar sin lugar dicha moción, sin que quedara justificada previamente la tardanza para la celebración del juicio después de haber transcurrido los 120 días fijados por el artículo 448 del Código de Enjuiciamiento Criminal.

El primer error señalado, aun cuando se hubiere cometido, no ha perjudicado en manera alguna los derechos substanciales del apelante. La vista del caso fué señalada para el día 17 de noviembre de 1936. El día 12 del mismo mes el acusado radicó su moción para el sobreseimiento de la causa y solicitó que la moción fuese señalada para ser vista en el mismo día señalado para la celebración del juicio. Es cierto que la corte sentenciadora resolvió que la moción era tardía por haberse presentado en el momento del juicio, pero después de añadir "aun suponiendo que no fuera tardía la solicitud, nos encontramos que no hay motivo para declararla con lugar," la corte procedió a considerar la moción en sus méritos, resolviendo que había habido causa razonable para que el caso no se hubiese visto antes y que si alguna culpa había existido ella había sido del acusado o de su abogado.

De la certificación expedida por el secretario de la Corte de Distrito de Arecibo, unida a los autos por orden de este Tribunal Supremo dictada a instancia del propio apelante, aparece que los autos fueron radicados en la corte de distrito el 26 de mayo de 1936 y que el término de 120 días que fija el

estatuto vencía, por lo tanto, el 23 de septiembre de 1936; que el juicio fué señalado para el día 17 de septiembre, o sea para una fecha comprendida dentro del término legal; que en la minuta de la corte del día 17 de septiembre consta que al llamarse el caso para la celebración de la vista no compareció el acusado a la hora señalada, ni personalmente ni por abogado, por lo que la corte se vió obligada a decretar la suspensión; que una hora después de suspendido el juicio, cuando ya se habían ausentado los testigos de cargo, compareció ante la corte el abogado del acusado e informó a la corte que venía a defender al acusado, y al ser informado por la Corte de la suspensión del juicio por no haber comparecido a tiempo, dicho abogado se excusó por haber llegado tarde, alegando que se había visto obligado a detenerse por algún tiempo en Bayamón por motivo de cierto incidente ocurrido entre el chófer y un pasajero del automóvil en que viajaba; y que el caso fué señalado de nuevo para el día 17 de noviembre, fecha en que se celebró el juicio.

Apareciendo de los autos que si el juicio no se celebró dentro de los 120 días siguientes a la fecha en que se radicaron los autos en la corte de distrito fué por el motivo de no haber comparecido en la fecha del señalamiento ni el acusado ni su abogado, por lo que la corte se vió obligada a hacer un nuevo señalamiento, debemos resolver que la corte inferior no erró al declarar sin lugar la moción de archivo y sobreseimiento de la causa. La tardanza quedó justificada por actos del propio demandado.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.